IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL LEE BAITY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. PALMER; M. BOTELLO; C. KOENIG,<br><br>　　　　Defendants. | No. C 19-2961 WHA (PR)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 18) |

## INTRODUCTION

Plaintiff, a former California state prisoner, filed this pro se civil rights case under 42 U.S.C. § 1983 alleging that prison officials violated his right to due process. Defendants filed a motion for summary judgment. Although plaintiff had the opportunity to file an opposition and received a warning about the adverse consequences of not doing so, he has not opposed defendants' motion. For the reasons explained below, the motion for summary judgment is **GRANTED**.

## ANALYSIS

**A.** **STANDARD OF REVIEW**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Material facts are those which may affect the outcome of the case. A dispute as to a material fact is genuine if there is sufficient evidence for

a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014).

Defendants' summary judgment motion may not be granted solely because plaintiff has not opposed it. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994). The court may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001).

**B.     DISCUSSION**

Plaintiff claims that he remained in prison for twelve days longer than he should have because defendants improperly failed to restore time credits that he had previously lost. The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972).

Assuming that keeping an inmate in prison past the date of his release violates his right to due process, the record shows that plaintiff was in fact released on the proper date. Plaintiff

1  began serving his sentence of one year and four months on September 27, 2018. The date of
2  plaintiff's release if he earned all potential time credits for good conduct — his "Earliest
3  Possible Release Date" ("EPRD") — was May 4, 2019. On January 4, 2019, plaintiff fought
4  another inmate, however, and lost 90 days of good conduct credits as part of his discipline.
5  This moved his EPRD to August 2, 2019. On April 8, 2019, plaintiff became eligible to recoup
6  the lost time credits because he had remained discipline-free for 90 days. *See* 15 Cal. Code
7  Regs. § 3329.5(a) (providing for restoration of forfeited time credits if inmate remains
8  discipline-free for 90 days). Another prison regulation, however, provided that restored time
9  credits could not advance an inmate's EPRD to less than 60 days from the date the credits were
10 restored. *Id.* at § 3043(c)(1) (2019). Restoring all 90 credits to plaintiff would have advanced
11 his EPRD to May 4, 2019, less than 60 days away, so his EPRD was set for 60 days hence, or
12 June 7, 2019. A subsequent change to prison regulations then allowed prison officials to
13 advance plaintiff's EPRD somewhat further: effective May 1, 2019, prison officials could
14 release within 15 days any inmate whose restored time credits made them eligible for release.
15 *Id.* at § 3043(c)(2). Plaintiff fell into that category, and therefore prison officials released him
16 in 15 days, on May 16, 2019. There is no genuine dispute of these facts.

17     Plaintiff's release date did not violate his right to due process because he left prison on
18 the earliest possible date allowed under the applicable prison regulations, he was not deprived
19 of any due process right to be free from detention that exceeded state law.

20     In addition, plaintiff received the procedural protections required by his right to due
21 process. Due process guarantees an inmate the notice and the opportunity to be heard. *See*
22 *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The record shows that plaintiff received notice
23 of the changes to his EPRD, and he had the opportunity to air his concerns at a "term
24 computation hearing." Although he did not request such a hearing, it was available to him. *See*
25 *id.* at § 3084.9(d). Plaintiff also had the administrative appeals process, in which he did present
26 his claim to prison authorities, who explained to him the applicable regulations mandated his
27 release on May 16, 2019.

28

Accordingly, there is no triable issue as to whether plaintiff's release date was proper under state law or whether he received the procedural protections required by due process.

## CONCLUSION

For the reasons set out above, defendants' motion for summary judgment is **GRANTED.** The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June  24 , 2020.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE